ORIGINAL



Jerry J. Jarzombek
855 Texas Street, Suite 140
Fort Worth, Texas 76102
817-348-8325
817-348-8328 Facsimile
jerryjj@airmail.net

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DANA PORTER, | § | Civil Action No. |
| Plaintiff, | § | 4-15CV-989-A |
| vs. | § | **COMPLAINT and DEMAND FOR JURY TRIAL** |
| PROCOLLECT, INC., | § | |
| Defendant. | § | (Violation of the Fair Credit Reporting Act) |

**Preliminary Statement**

1. Plaintiff, Dana Porter, ("Porter"), brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), as well as under the Texas Debt Collection Act, found at Texas Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, actual and punitive damages, injunctive relief, declaratory relief, costs and attorney's fees for the Defendant's violations of the FCRA, the TDCA and the DTPA.

2. The Plaintiff is a natural person and resident of the State of Texas. He is a "consumer" as defined by 15 U.S.C. § 1681a(c) and TEX. FIN. CODE § 392.001(1).

3. Defendant, ProCollect, Inc., ("ProCollect") is a corporation and resident of the State of Texas, with its principal location in Dallas, Texas.

**Jurisdiction and Venue**

4. Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1681p, 28 U.S.C. § 1331 and the doctrine of pendent jurisdiction for the TDCA and DTPA claims pursuant to 28 U.S.C. § 1367.

5. Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b) because the Defendant resides here and the acts and transactions occurred here.

**Parties**

6. Plaintiff is a citizen of the State of Texas, and resides in the Northern District of Texas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) and TEX. FIN. CODE § 392.001(1).

7. ProCollect is a corporation engaged in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of ProCollect's business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others. ProCollect is a "person" as defined by 15 U.S.C. § 1681a(b). ProCollect is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and TEX. FIN. CODE § 392.001(6), and also a "third-party debt collector" as defined by TEX. FIN. CODE § 392.001(7).

**Factual Allegations**

8. Whenever in this Complaint it is alleged that Defendant did or was told any act or thing, it is meant that the Defendant's officers, agents, servants, employees, or representatives did or were told such act or thing and that, at the time such act or thing was done, it was done with the full

authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of the Defendant's officers, agents, servants, employees, or representatives.

9. By letter dated May 20, 2015, Plaintiff disputed two entries on his Experian credit report from "Physicians Emergency Care Asso" ("PEC"), specifically accounts xxxxxxxxxxx3818 and xxxxxxxxxxx4898. Plaintiff denied having any relationship with PEC.

10. Experian responded that it "received a suspicious request in the mail regarding your personal credit report and determined that it was not sent by you," and did not initial any dispute with the Defendant.

11. By letter dated May 20, 2015, Plaintiff disputed an entry on his Equifax credit report from "Physicians Emergency Care Asso," specifically account 11702001135xxxx. Plaintiff denied having any relationship with PEC.

12. Upon information and belief, Equifax forwarded Plaintiff's information and the substance of the dispute to Defendant.

13. Despite the fact that Plaintiff disputed a single account in his May 20, 2015 letter, Equifax responded that "the disputed account 11702001125xxxx is currently not reporting on your Equifax credit file" and "we have researched the collection account. Account # - 11702001135xxxx The results are: This creditor has verified to OUR company that the balance is being reported correctly." Equifax then referred the Plaintiff to contact Defendant for any additional questions.

14. By letter dated September 24, 2015, Plaintiff disputed two entries on his Experian credit report from "Physicians Emergency Care Asso," specifically accounts xxxxxxxxxxx3818 and xxxxxxxxxxx4898. As part of this dispute, Plaintiff again denied having any relationship with PEC,

and stated the following:

> "I took the time to research "PEC," and was fortunate enough to find a doctor who had an ownership interest in "PEC." He says that PEC no longer exists. ProCollect does not have a client to pay. Think about that for a minute – you are allowing them to use you to obtain money for an entity that is no longer in existence.

15. Experian deleted the two accounts from "Physicians Emergency Care Asso" from Plaintiff's credit file.

16. By letter dated September 24, 2015, Plaintiff disputed an entry on his Equifax credit report from "Physicians Emergency Care Asso," specifically account 11702001135xxxx. . As part of this dispute, Plaintiff denied having any relationship with PEC, and stated the following:

> "I took the time to research "PEC," and was fortunate enough to find a doctor who had an ownership interest in "PEC." He says that PEC no longer exists. ProCollect does not have a client to pay. Think about that for a minute – you are allowing them to use you to obtain money for an entity that is no longer in existence.

17. Upon information and belief, Equifax forwarded Plaintiff's information and the substance of the dispute to Defendant.

18. Equifax verified the account by correspondence dated October 20, 2015, stating "we have researched the collection account. Account # - 11702001135xxxx The results are: We verified that his item belongs to you."

19. Plaintiff telephoned Defendant in an attempt to get contact information for PEC; Defendant refused to provide any contact information for PEC.

20. Defendant failed to review the information Plaintiff sent to Experian and Equifax, who forwarded Plaintiff's information and documentation to Defendant.

21. Defendant failed to conduct a reasonable investigation of Plaintiff's dispute, and failed to review all available information about the dispute.

22. Each new and wrongful report of the alleged debt by the Defendant constitutes a new violation of the Fair Credit Reporting Act and the Texas Debt Collection Practices Act.

23. The Defendant has compromised the Plaintiff's access to credit in imparting to past, present and future credit grantors that the Plaintiff has past due accounts.

**COUNT ONE – VIOLATION OF THE FAIR CREDIT REPORTING ACT**

24. The Plaintiff incorporates all the preceding paragraphs.

25. Defendant, ProCollect, violated the Fair Credit Reporting Act, 15 U.S.C.§1681s-2(b) by publishing the account representation within Plaintiff's credit file with one or more credit reporting agencies; by failing to acknowledge the debt did not arise from a relationship with the alleged creditor, PEC; by continuing to report the debt as owing; and by failing to fully and properly investigate the Plaintiff's dispute of the PEC account; by failing to review all relevant information regarding same (including, but not limited to, the existence of PEC); by failing to correctly report results of an accurate investigation to each credit reporting agency; and by failing to permanently and lawfully correct its own internal records to correct misrepresentations to the consumer reporting agencies.

26. As a result of this conduct, action and inaction of Defendant, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

27. Defendant's conduct, action and inaction was willful, rendering it liable for actual or statutory and punitive damages in an amount to be determined by the fact-finder pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

28. The Plaintiff is entitled to recover costs and attorney fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT TWO – VIOLATION OF THE TEXAS FINANCE CODE**

29. The Plaintiff incorporates all the preceding paragraphs.

30. The actions taken by Defendant described above also constitute violations of the Texas Debt Collection Practices Act, Finance Code §392.001 *et seq* as set forth below, for which Plaintiff hereby sues.

31. Defendant has violated §392.301(a)(8) by threatening to take an action prohibited by law.

32. Defendant has violated §392.304(a) by misrepresenting the character, extent or amount of a consumer debt.

33. Reporting a debt on a consumer credit report is an attempt to collect a debt and a representation that a debt is owed.

34. Each publication of the misrepresentation of the status of the debt is a new offense subjecting the Defendant to liability for its conduct.

35. A violation of the Texas Debt Collection Practices Act is a deceptive trade practice Pursuant to TEX. FIN. CODE §392.404.

36. Under TEX. FIN. CODE ANN. § 392.403, the Defendant's violations of the TDCA renders it liable to Plaintiff for actual damages, statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

37. Defendant's wrongful acts were done in a wanton and malicious manner with intent to injure Plaintiff or with reckless disregard of the injurious consequences to Plaintiff. Plaintiff is, therefore, entitled to punitive or exemplary damages and sues for such damages.

**COUNT THREE – VIOLATION OF THE DECEPTIVE TRADE PRACTICES ACT**

38. The Plaintiff incorporates all the preceding paragraphs.

39. The Defendant's violations of the TDCA constitute violations of the DTPA. Pursuant to TEX. FIN. CODE ANN. § 392.404, the Defendant's violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, ("DTPA") and is actionable under that subchapter.

**COUNT FOUR – UNREASONABLE DEBT COLLECTION**

40. The Plaintiff incorporates all the preceding paragraphs.

41. Defendant's actions described above constitute unreasonable collection efforts.

42. As a direct result of Defendant's wrongful acts referred to above, Plaintiff has also suffered headaches, nervousness, mental anguish, and humiliation, and will in reasonable probability suffer the same for an extended period of time, all which damage Plaintiff in an amount within the jurisdictional limits of the court. This action is brought to recover the amount of money that, if paid in cash, would fairly and reasonably compensate Plaintiff for those damages.

43. Defendant's actions were undertaken wantonly and maliciously with intent to injure Plaintiff or with reckless disregard of the injurious consequences of Defendant's acts to Plaintiff.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that this Court:

1. Award Plaintiff such damages as permitted by law, statutory, actual and punitive;

2. Award Plaintiff costs of suit and a reasonable attorney's fee;

3. An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom it reports consumer credit information;

4. An order directing that Defendant send to all persons and entities to whom it has reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information;

5. Declare that Defendant's actions violated the TDCA and the DPTA;

6. Enjoin the Defendant's actions which violated the TDCA and the DTPA;

7. Enter judgment in favor of Plaintiff and against Defendant for actual damages, statutory damages, costs, and reasonable attorney's fees as provided by TEX. FIN. CODE ANN. § 392.403 and/or TEX. BUS. & COM. CODE § 17.50(d);

8. Award such other and further relief, as law or equity may provide; and

9. Grant such further relief as deemed just.

Respectfully submitted,

Jerry J. Jarzombek
Texas Bar No. 10589050

855 Texas Street, Suite 140
Fort Worth, Texas 76102
817-348-8325
817-348-8328 Facsimile

ATTORNEY FOR PLAINTIFF

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury in this action.

Respectfully submitted,

Jerry J. Jarzombek
Texas Bar No. 10589050

855 Texas Street, Suite 140
Fort Worth, Texas 76102
817-348-8325
817-348-8328 Facsimile

ATTORNEY FOR PLAINTIFF

ORIGINAL

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Dana Porter

**DEFENDANTS**
ProCollect, Inc.

4-15CV-989-A

(b) County of Residence of First Listed Plaintiff: Tarrant
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: ______
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Jerry J. Jarzombek; The Law Office of Jerry Jarzombek, PLLC; 855 Texas Street, Suite 140; Fort Worth, TX 76102; 817-348-8325

Attorneys *(If Known)*

RECEIVED
DEC 31 2015
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
Other:
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☒ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1681, et seq
Brief description of cause:
Unlawful credit reporting

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. **DEMAND $** ______
CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY** *(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE
12/31/2015

SIGNATURE OF ATTORNEY OF RECORD
[signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or a similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**rney Signature.** Date and sign the civil cover sheet.